UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE G. AMEZQUITA, <br><br> Plaintiff, <br><br> v. <br><br> GARCIA-CORTEZ, et al., <br><br> Defendants. | Case No. 20-08285 BLF (PR) <br><br> **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a state inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against prison staff at Salinas Valley State Prison ("SVSP").[1] Dkt. No. 1. Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order.

**DISCUSSION**

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any

---

[1] The matter was reassigned to this Court on December 17, 2020, after Plaintiff declined magistrate judge jurisdiction. Dkt. Nos. 6, 8.

cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Plaintiff's Claims**

Plaintiff was transferred from RJ Donovan Correctional Facility to SVSP on November 3, 2018. Dkt. No. 1 at 3. On September 30, 2019, he filed a lawsuit claiming staff misconduct at RJ Donovan Correctional Facility. *Id.* Plaintiff claims that on January 23, 2020, he was shot with a 40 mm block gun by Defendant Correctional Officer Garcia-Cortez. *Id.* Plaintiff claims he was shot "unnecessarily" while on SVSP's A-yard. *Id.* On February 21, 2020, Plaintiff filed an inmate grievance alleging misconduct by Defendant Garcia-Cortez for the unnecessary shooting. *Id.* On February 25, 2020, Plaintiff was interviewed by Defendant Lt. Meredith regarding his staff complaint; the interview was video recorded, and Plaintiff felt very intimidated. *Id.* at 4. Plaintiff claims that two days later on February 27, 2020, Defendant Meredith removed him from his seat on the Inmate Advisory Council ("Council") in retaliation for filing a staff complaint. *Id.* Plaintiff filed an appeal alleging misconduct against Defendant Meredith for removing him from the Council without due process. *Id.* The appeal against Defendant Garcia-Cortez was denied in April 2020. *Id.* In May 2020, Plaintiff's appeal against Defendant Meredith was partially granted, and he was reinstated onto the Council. *Id.* Then Plaintiff appealed both matters to the third level appeal. *Id.*

Plaintiff claims he has been a victim of the "'Green Wall' prison officer conspiracy through intimidation, violence, and retaliation." *Id.* He claims Defendants violated his

right to be free from cruel and unusual punishment under the Eighth Amendment "by their actions of physical abuse, emotional abuse, mental abuse, intimidation, retaliation, and other violations of law" against him. *Id.* Plaintiff claims that Defendants "knew or should have known that their conduct, attitudes and actions created an unreasonable risk of serious harm" to him, and that their actions and conduct demonstrate deliberate indifference to his Eighth Amendment rights. *Id*. at 5. Plaintiff claims that as a result of these violations, he "has suffered, is suffering, and will continue to suffer injuries in the form of physical injury, fear, emotional distress, mental distress, and other injuries." *Id.* Plaintiff seeks damages. *Id.* at 3.

### 1. **Eighth Amendment**

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993). In its prohibition of "cruel and unusual punishment," the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive force against prisoners. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). The Amendment also imposes duties on these officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. *See Farmer*, 511 U.S. at 832; *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 199-200 (1989); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, i.e., the offending conduct was wanton, *id.* (citing *Wilson*, 501 U.S. at 297); *LeMaire v. Maass*, 12 F.3d 1444, 1451 (9th Cir. 1993). Where an inmate alleges that the conditions of confinement inflict unnecessary suffering upon

3

him, to establish wantonness the inmate must show that prison officials were deliberately indifferent to the inmate's suffering. *Jordan v. Gardner*, 986 F.2d 1521, 1528 (9th Cir. 1993).

Plaintiff's general and conclusory allegations that Defendants violated his Eighth Amendment rights are insufficient to state a cognizable claim. First of all, he fails to identify an objectively and sufficiently serious deprivation under the first prong. With respect to Defendant Garcia-Cortez, the allegation that he shot Plaintiff "unnecessarily" implies an excessive force claim, which will be discussed in the following section. However, there are insufficient allegations to establish that Plaintiff was subjected to inhumane conditions or unnecessary suffering due to Defendant Meredith's actions. Even if it were true that Defendant Meredith unlawfully deprived Plaintiff of his seat on the Council, it cannot be said that the loss of that seat amounts to a deprivation of a basic necessity which is sufficiently serious to satisfy the first prong. Furthermore, Plaintiff generally alleges that Defendants' actions involved "physical abuse, emotional abuse, mental abuse," Dkt. No. 1 at 4, but provides no details or explanations regarding these abuses to establish that they amounted to cruel and unusual punishment. Secondly, Plaintiff's allegations are insufficient to show that Defendant Meredith possessed a sufficiently culpable state of mind under the second prong. *Farmer*, 511 U.S. at 834. He alleges that Defendants "knew or *should have* known." Dkt. No. 1 at 5 (emphasis added). However, the second prong requires a subjective awareness: the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *See Farmer*, 511 U.S. at 837. Accordingly, Plaintiff fails to state an Eighth Amendment claim against Defendant Meredith. In the interest of justice, Plaintiff shall be granted an opportunity to allege sufficient facts, that are non-conclusory, to state an Eighth Amendment claim against Defendant Meredith.

///

### 2. **Excessive Force**

Plaintiff claims that Defendant Garcia-Cortez shot him "unnecessarily" on January 23, 2020, while in the A-yard. Dkt. No. 1 at 3. Liberally construed, Plaintiff may be implying that Defendant used excessive force.

The treatment a convicted prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *Helling v. McKinney*, 509 U.S. 25, 31 (1993). "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (ellipsis in original) (internal quotation and citation omitted). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer*, 511 U.S. at 834, and (2) the prison official possesses a sufficiently culpable state of mind, i.e., the offending conduct was wanton, *id.*; *LeMaire*, 12 F.3d at 1451.

Whenever prison officials stand accused of using excessive force in violation of the Eighth Amendment, the deliberate indifference standard is inappropriate. *Hudson*, 503 U.S. at 6. Instead, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Id.* at 6-7; *Whitley*, 475 U.S. at 320-21; *Jeffers v. Gomez*, 267 F.3d 895, 912-13 (9th Cir. 2001) (applying "malicious and sadistic" standard to claim that prison guards used excessive force when attempting to quell a prison riot, but applying "deliberate indifference" standard to claim that guards failed to act on rumors of violence to prevent the riot).

Plaintiff's brief allegation that he was shot "unnecessarily" is not sufficient to state an excessive force claim against Defendant Garcia-Cortez. Plaintiff shall be granted leave to amend this claim to state sufficient facts to indicate that the force was applied maliciously and sadistically to cause harm rather than in a good-faith effort to maintain or restore discipline. *Hudson*, 503 U.S. at 6. Plaintiff should describe the circumstances in

which Defendant Garcia-Cortez used the block gun, and why the use of the gun was "unnecessary." He should also describe the injuries he received, if any, and what medical care was required.

### 3. Retaliation

Plaintiff claims that Defendants used retaliation to subject him to cruel and unusual punishment under the Eighth Amendment. The Court has already discussed the requirements to state an Eighth Amendment. *See supra* at 3-4. If Plaintiff wishes to state a separate retaliation claim under the First Amendment, he must allege sufficient facts to establish five basic elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson,* 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). For example, Plaintiff claims Defendant Meredith had him removed from the Council in retaliation for filing a staff complaint. Dkt. No. 1 at 4. However, there is no allegation that Defendant Meredith's actions chilled Plaintiff's exercise of his First Amendment rights and that it did not reasonably advance a legitimate correctional goal. Plaintiff shall be granted leave to amend to attempt to state sufficient facts to state a retaliation claim.

### 4. Due Process

Lastly, Plaintiff claims Defendant Meredith removed him from the Council without due process. Dkt. No. 1 at 4. To the extent that Plaintiff is attempting to state a due process claim in this action, his allegations are insufficient.

Interests that are procedurally protected by the Due Process Clause may arise from two sources – the Due Process Clause itself and laws of the states. *See Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). In the prison context, these interests are generally ones pertaining to liberty. Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are

6

authorized by state law. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995). A state may not impose such changes without complying with minimum requirements of procedural due process. *See id.* at 484.

Deprivations that are authorized by state law and are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a procedurally protected liberty interest, provided that (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, i.e., give the inmate a kind of right to avoid it, and (2) the liberty in question is one of "real substance." *See id.* at 477-87. Generally, "real substance" will be limited to freedom from (1) a restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *id.* at 484, or (2) state action that "will inevitably affect the duration of [a] sentence," *id.* at 487.

Plaintiff makes no allegation that a seat on the Council is a procedurally protected liberty interest under the Due Process clause (because it affects the sentence imposed) or by a state law. Furthermore, he makes no allegation indicating that a seat on the Council is a liberty interest of "real substance." *See Sandin*, 515 U.S. at 484. He shall be granted leave to amend this claim to attempt to allege sufficient facts to state a due process claim. Plaintiff is advised that if he did not suffer any deprivation, then he cannot state a procedural due process claim. If Plaintiff did suffer a deprivation, he must show that the deprivation was one of "real substance." *See, e.g.*, *Jones v. Moran*, 900 F. Supp. 1267, 1273-74 (N.D. Cal. 1995) (Wilken, J.) (adopting Justice Breyer's two-prong analysis of *Sandin* majority opinion).

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint to correct

7

the deficiencies described above.  The amended complaint must include the caption and civil case number used in this order, Case No. C 20-08285 BLF (PR), and the words "AMENDED COMPLAINT" on the first page.  If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.  The amended complaint supersedes the original, the latter being treated thereafter as non-existent.  *Ramirez v. Cty. Of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).  Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

    2.    Failure to respond in accordance with this order in the time provided will result in the dismissal of this action without prejudice and without further notice to Plaintiff.

    3.    The Clerk shall include two copies of the court's **complaint** with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated:  __March 26, 2021_____

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal with Leave to Amend
PRO-SE\BLF\CR.20\08285Amezquita_dwlta