UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE G. AMEZQUITA, <br> Plaintiff, <br> v. <br> GARCIA-CORTEZ, et al., <br> Defendants. | Case No. 20-cv-08285 BLF (PR) <br><br> **ORDER OF PARTIAL DISMISSAL AND OF SERVICE; DIRECTING DEFENDANT TO FILE DISPOSITIVE MOTION OR NOTICE REGARDINNG SUCH MOTION; INSTRUCTIONS TO CLERK** |

Plaintiff, a state inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against prison staff at Salinas Valley State Prison ("SVSP"). Dkt. No. 1. The Court dismissed the complaint with leave to amend to correct various deficiencies. Dkt. No. 11. Plaintiff filed an amended complaint. Dkt. No. 12.

## DISCUSSION

A.  **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B. **Plaintiff's Claims**

Plaintiff was transferred from RJ Donovan Correctional Facility to SVSP on November 3, 2018. Dkt. No. 12 at 3. Plaintiff claims that on January 23, 2020, a fight broke out on A-Yard at SVSP, near A5 building about 50 feet away from him. *Id.* Plaintiff claims that without any warning, Defendant Garcia-Cortez "maliciously and sadistically shot indiscriminately" at him with a 40 mm block gun, resulting in a deep bone bruise to his sternum. *Id.* Plaintiff claims that "[a]t no time was the fight deemed a serious event or a major disruption" in the prison, and that it was such a minimum incident that none of the participants were charged with serious rule violations. *Id.* Plaintiff asserts that nobody near A5 building was in any imminent danger of serious injury warranting the firing of the gun, and that Defendant Garcia-Cortez did so in a "wild and inarticulated [*sic*] fashion which was completely unnecessary in any effort to protect inmate [or] staff safety." *Id.* at 4-5. Plaintiff claims Defendant Garcia-Cortez told him that he could complain but "it would not matter because [he] had a strong union" and that next time he would use a real gun. *Id.*

On February 21, 2020, Plaintiff filed an inmate grievance alleging misconduct by Defendant Garcia-Cortez for the unnecessary shooting. *Id*. On February 25, 2020, Plaintiff was interviewed by Defendant Lt. Meredith regarding his staff complaint. *Id.* at 5-6. Plaintiff claims Defendant Meredith had "implicit bias" towards him and, that he felt intimidated and threatened. *Id.* at 6. Plaintiff claims that two days later on February 27,

2

2020, Defendant Meredith placed information in his "SOMS record" indicating that Plaintiff had numerous serious rules violations and for that reason was being removed from his seat on the Inmate Advisory Council ("Council"). *Id.* Plaintiff claims this information was false, and that Defendant Meredith acted in retaliation for Plaintiff filing a grievance against Defendant Garcia-Cortez. *Id.* Plaintiff filed an appeal alleging misconduct against Defendant Meredith for removing him from the Council without due process. *Id.* The appeal against Defendant Garcia-Cortez was denied in April 2020. *Id*. In May 2020, Plaintiff's appeal against Defendant Meredith was partially granted, and he was reinstated onto the Council. *Id.* at 7. Then Plaintiff appealed both matters to the third level appeal. *Id.*

Plaintiff claims he has been a victim of a "'Green Wall' conspiracy" since June 2018, and that he continues to be targeted because he is not being allowed to choose a cellmate but having one forced on him. *Id.* Plaintiff claims Defendants Garcia-Cortez and Lt. Meredith, as members of this conspiracy, have "deliberately and indifferently harmed [him] under color of state law by physically injuring [him] and causing the resultant mental and emotional distress exacerbated by [his] status as a participant in the Enhanced Outpatient Program Level of Care for those like [himself] with specific mental health needs." *Id.* He claims Defendants violated his right to be free from cruel and unusual punishment under the Eighth Amendment "by their combined actions of physical abuse, emotional abuse, mental abuse, intimidation, retaliation, and threats of further abuse against [himself]." *Id.* at 8. Plaintiff claims Defendant Garcia-Cortez also violated state law with his use of excessive force, intentional infliction of emotional distress, battery, violation of the Banes Act, and negligence. *Id.* Plaintiff claims that Defendants "knew or should have known that their conduct, attitudes and deliberately indifferent actions created an unreasonable risk of serious harm" to him. *Id*. Plaintiff claims that as a proximate result of these violations, he "has suffered, is suffering, and will continue to suffer irreparable harm." *Id.* Plaintiff seeks damages. *Id.* at 3.

3

### 1. Excessive Force

Plaintiff's claim that Defendant Garcia-Cortez shot him "maliciously and sadistically," without warning or necessity on January 23, 2020, is sufficient to state an excessive force claim under the Eighth Amendment. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). This claim shall proceed against Defendant Garcia-Cortez.

### 2. Eighth Amendment

Plaintiff claims that his rights under the Eighth Amendment were violated by Defendant Meredith. In dismissing this claim with leave to amend, the Court advised Plaintiff what was necessary to state a cognizable Eighth Amendment claim. Dkt. No. 11 at 3-4.

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993). In its prohibition of "cruel and unusual punishment," the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive force against prisoners. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). The Amendment also imposes duties on these officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. *See Farmer*, 511 U.S. at 832; *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 199-200 (1989); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, i.e., the offending conduct was wanton, *id.* (citing *Wilson*, 501 U.S. at 297); *LeMaire v. Maas*s, 12 F.3d 1444, 1451 (9th Cir. 1993). Where an inmate alleges that the conditions of confinement inflict unnecessary suffering upon

him, to establish wantonness the inmate must show that prison officials were deliberately indifferent to the inmate's suffering. *Jordan v. Gardner*, 986 F.2d 1521, 1528 (9th Cir. 1993).

    Plaintiff has again failed to state sufficient facts to establish that he was subjected to inhumane conditions or unnecessary suffering due to Defendant's actions. The Court already advised Plaintiff that the loss of a seat on the Advisory Council does not amount to a deprivation of a basic necessity which is sufficiently serious to satisfy the first prong. Dkt. No. 11 at 4. Nor does the ability to choose one's cellmate constitute a basic necessity that implicates the Eighth Amendment. Furthermore, Plaintiff's general allegations that Defendants' actions involved "physical abuse, emotional abuse, [and] mental abuse," are again deficient for lack of any details or explanation. The only specific "abuse" alleged was the use of the block gun by Defendant Garcia-Cortez; there are no allegations that Lt. Meredith was involved in that incident. Accordingly, Plaintiff fails to state an Eighth Amendment claim against Defendant Meredith.

    Plaintiff shall not be given another opportunity to amend this claim as he has already been given one opportunity to do so. *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 830 (9th Cir. 2003) (district court's discretion to deny leave to amend particularly broad where plaintiff has previously filed an amended complaint); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Accordingly, the Eighth Amendment claim against Defendant Meredith must be dismissed for failure to state a claim.

**3.**     **Retaliation**

    Plaintiff claims that Defendant Meredith took retaliatory actions against him for filing a staff complaint against Defendant Garcia-Cortez. Plaintiff was advised that in order to state a retaliation claim under the First Amendment, he must allege sufficient facts to establish five basic elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action

did not reasonably advance a legitimate correctional goal." Dkt. No. 11 at 6, quoting *Rhodes v. Robinson,* 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

Plaintiff's allegations are sufficient to support a retaliation claim against Defendant Meredith for taking adverse actions against Plaintiff for filing a grievance which served no legitimate correctional goal.

### 4. Conspiracy

Lastly, Plaintiff claims Defendants Garcia-Cortez and Lt. Meredith are involved in a conspiracy to "intimidate, threaten, harass, retaliate, and case pain and suffering." Dkt. No. 12 at 9. A civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage. *Gilbrook v. City of Westminster*, 177 F.3d 839, 856 (9th Cir. 1999). To prove a civil conspiracy, the plaintiff must show that the conspiring parties reached a unity of purpose or common design and understanding, or a meeting of the minds in an unlawful agreement. *Id.* However, a conspiracy is not itself a constitutional tort under 42 U.S.C. § 1983. *Lacey v. Maricopa County*, 693 F.3d 896, 935 (9th Cir. 2012) (en banc). It does not enlarge the nature of the claims asserted by the plaintiff, as there must always be an underlying constitutional violation. *Id.*

Plaintiff's allegations are not sufficient to establish a conspiracy between Defendants because there is no allegation that they acted in concert when Defendant Garcia-Cortez shot Plaintiff with a block gun, or when Defendant Meredith placed false information in Plaintiff's record and had him removed from the Council. Rather, these are alleged as separate actions, with no indication that Defendants had a meeting of the minds to deprive Plaintiff of his rights under the Eighth and First Amendments. Accordingly, this conspiracy claim must be dismissed.

### 5. State Law Claims Against

Plaintiff asserts the following state law claims against Defendant Garcia-Cortez based on the excessive force incident: intentional infliction of emotional distress, battery,

6

violation of the Banes Act, and negligence. *See supra* at 2. The Court will exercise supplemental jurisdiction over these claims. 28 U.S.C. § 1367(a).

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. This action shall proceed on the excessive force claim and related state law claims against Defendant Garcia-Cortez, and the retaliation claim against Defendant Meredith. All other claims are DISMISSED for failure to state a claim.

2. The following defendants shall be served at SVSP:

    a. **Correctional Officer Garcia-Cortez**

    b. **Lt. Meredith**

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the amended complaint, and any attachments thereto, Dkt. No.11, a copy of this order of service, and a CDCR Report of E-Service Waiver form. The clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service

Waiver a USM-205 Form. The clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3. No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment with respect to the claims in the complaint found to be cognizable above.

   a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

   b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18

8

F.3d 651, 653 (9th Cir. 1994).

5. Defendants *shall* file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated: __December 8, 2022_____

                                                BETH LABSON FREEMAN
                                                United States District Judge

Order of Partial Dismissal and of Service
PRO-SE\BLF\CR.20\08285Amezquita_svc