ROB BONTA
Attorney General of California
JAY M. GOLDMAN
Supervising Deputy Attorney General
MICHAEL J. QUINN
Deputy Attorney General
State Bar No. 209542
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 510-3611
Facsimile: (415) 703-5843
E-mail: Michael.Quinn@doj.ca.gov
*Attorneys for Defendants Meredith and Garcia*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **JOSE AMEZQUITA,**<br>Plaintiff,<br>v.<br>**GARCIA, et al.** ,<br>Defendants. | Case No. 5:20-cv-08285-BLF<br><br>**DEFENDANTS' *RAND* WARNING TO PLAINTIFF REGARDING OPPOSING SUMMARY JUDGMENT**<br><br>Judge: The Honorable Beth Labson Freeman<br>Action Filed: November 23, 2020 |

TO PLAINTIFF JOSE AMEZQUITA, PRO SE:

Plaintiff is advised to read the following warning, which is a verbatim copy of the model warning from *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc):

***RAND* WARNING**

The Defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule [56(c)],[1] that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

## **NORTHERN DISTRICT OF CALIFORNIA LOCAL RULE REQUIREMENTS**

Aside from the *Rand* warning, Plaintiff is advised to review the applicable local rules concerning opposing summary judgment. In particular, Local Rule 7-3(a) instructs you to assert any evidentiary and procedural objections to Defendants' motion in your opposition brief or memorandum, not to exceed twenty-five pages. Once Defendants file their reply, no additional memoranda, papers, or letters may be filed without prior court approval. L.R. 7-3(d)(1). Where Defendants submitted new evidence in their reply, you may file and serve an Objection to Reply Evidence within ten days from the date Defendants served their reply by mail. *See id.* (extending the seven-day deadline by three days in certain circumstances). Your Objection may not exceed five pages of text, nor include further argument on the summary-judgment motion. *Id.*

When opposing summary judgment, Local Rule 7-5(a) requires that factual contentions be supported by an affidavit or declaration and by appropriate references to the record. Extracts from depositions, interrogatory answers, requests for admissions, and other evidentiary matters must be appropriately authenticated by an affidavit or declaration. An affidavit or declaration

[1] The substance of Rule 56(e) from the 1998 version, when *Rand* was decided, has been reorganized and renumbered with the current version of Rule 56(c).

may contain only facts, must conform as much as possible to the requirements of Federal Rule of Civil Procedure 56(c), and must avoid conclusions and argument. L.R. 7-5(b). Any statement made upon information or belief must specify the basis for that information or belief. *Id*. Local Rule 7-5(b) warns that an affidavit or declaration not in compliance with this rule may be stricken in whole or in part.

Dated: November 3, 2023

Respectfully submitted,

ROB BONTA
Attorney General of California
JAY M. GOLDMAN
Supervising Deputy Attorney General

*/S/ Michael Quinn*
MICHAEL J. QUINN
Deputy Attorney General
*Attorneys for Defendants Meredith and Garcia*

SF2023600149
43946595.docx