ROB BONTA
Attorney General of California
JAY M. GOLDMAN
Supervising Deputy Attorney General
MICHAEL J. QUINN
Deputy Attorney General
State Bar No. 209542
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 510-3611
Fax: (415) 703-5843
E-mail: Michael.Quinn@doj.ca.gov
*Attorneys for Defendants*
*Garcia and Meredith*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **JOSE AMEZQUITA,**<br><br>Plaintiff,<br><br>**v.**<br><br>**GARCIA, et al. ,**<br><br>Defendants. | 5:20-cv-08285-BLF<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

Under Federal Rule of Evidence 201(b)(2), and in support of the motion for summary judgment, Defendants Meredith and Garcia-Cortes, by and through their attorney, hereby request that the Court take judicial notice of the following document and its contents:

1. Section 51020.5 of the California Department of Corrections and Rehabilitation's Operations Manual, attached as **Exhibit A.**

The Court may take judicial notice of Exhibit A under Federal Rule of Evidence 201(b)(2), regarding facts capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

Dated: November 3, 2023

Respectfully submitted,

ROB BONTA
Attorney General of California
JAY M. GOLDMAN
Supervising Deputy Attorney General

*/s/ Michael Quinn*
MICHAEL J. QUINN
Deputy Attorney General
*Attorneys for Defendants Garcia and Meredith*

SF2023600149
43931901.docx

# EXHIBIT A

State of California

California Department of Corrections and Rehabilitation
Adult Institutions, Programs, and Parole

# Operations Manual

*"Public Safety, Public Service"*©

## Updated Through
## January 1, 2023

responsible for the authorization of any controlled use of force and whose presence is required during any controlled use of force. Staff shall make every effort to identify disabilities, to include mental health issues, and note any accommodations that may need to be considered.

**Non-conventional Force**

Non-conventional Force is force that utilizes techniques or instruments that are not specifically authorized in policy, procedures, or training. Depending on the circumstances, non-conventional force can be necessary and reasonable; it can also be unnecessary or excessive.

**Non-deadly Force**

Non-deadly force is any use of force that is not likely to result in death.

**Deadly Force**

Deadly force is any use of force that is likely to result in death. Any discharge of a firearm other than the lawful discharge during weapons qualifications, firearms training, or other legal recreational use of a firearm, is deadly force.

**Great Bodily Injury (GBI)**

Great bodily injury is any bodily injury that creates a substantial risk of death.

**Serious Bodily Injury**

Serious bodily injury means a serious impairment of physical condition, including, but not limited to the following:

- Loss of consciousness;
- Concussion;
- Bone fracture;
- Protracted loss or impairment of function of any bodily member or organ;
- A wound requiring extensive suturing; and
- Serious disfigurement.

**Response Supervisor**

The Response Supervisor is the first line supervisor in an institution/facility responsible for the area where an incident occurs. When responding to or observing an incident involving the use of force, the response supervisor shall assume control of the responders and direct the tactics used to stop the threat. Additionally, the response supervisor shall assess the appropriateness/effectiveness of the force options being deployed, ensuring compliance with policy and training.

**Responding Supervisor**

The Responding Supervisor is the first line supervisor responsible for the employee involved in an incident.

**Incident Commander**

The Incident Commander is the second line supervisor in an institution/facility responsible for the area where an incident occurs or an allegation of excessive or unnecessary force is received.

**First Level Manager**

A First Level Manager in an institution/facility is a Captain, or the AOD.

**First Line Manager**

A First Line Manager is a Parole Administrator, District Administrator, Special Agent-In-Charge, or a Senior Special Agent.

**Second Level Manager**

A Second Level Manager in an institution/facility is an Associate Warden.

**Second Line Manager**

A Second Line Manager is a Deputy Regional Parole Administrator or Chief.

**Institution Head**

The Institution Head is a Warden or designee.

**Institutional Executive Review Committee (IERC)**

The IERC is a committee of institution staff chaired by the respective Institution Head tasked with reviewing all uses of force and every allegation of excessive or unnecessary force. The IERC is the final institutional level of review.

**Department Executive Review Committee (DERC)**

The DERC is a committee of staff selected by, and including, the Associate Director who oversees the respective institution/facility Mission-based group. The DERC has oversight responsibility and final review authority over the IERC. The DERC shall review every use of deadly force and every serious bodily injury, great bodily injury or death that could have been caused by a staff use of force. The DERC shall also review those incidents referred to the DERC by the IERC Chairperson or otherwise requested by the DERC. The DERC shall conduct all reviews within sixty (60) days of completion by the IERC.

**Deadly Force Investigation Teams (DFIT)**

DFIT is a team of trained department investigators that shall conduct criminal and administrative investigations into every use of deadly force and every death or great bodily injury that could have been caused by a staff use of force, except the lawful discharge of a firearm during weapons qualifications or firearms training, or other legal recreational uses of a firearm. Based on certain local Memoranda of Understanding, criminal investigations may instead be conducted by an outside police department or sheriff's office. Although defined as deadly force DFIT need not investigate the discharge of a warning shot inside an institution/facility if an Investigative Services Unit Sergeant or above, or an uninvolved Correctional Lieutenant, confirms that the discharge of deadly force was a warning shot and that no injuries were caused by the shot. All warning shots shall be reported to the Office of Internal Affairs/DFIT and the Office of the Inspector General (OIG).

**Deadly Force Review Board (DFRB)**

The DFRB conducts a full and complete review of all incidents involving a use of deadly force (except warning shots) and every death or great bodily injury that could have been caused by a staff use of force, regardless of whether the incident occurs in an institutional or community setting.

**Joint Use Committee (JUC)**

The JUC is a committee of field staff from the DAI tasked with reviewing and evaluating recommended revisions to the Division's Use of Force Policy and Procedures.

**Holding Cells**

All holding cells shall be located within buildings or sheltered areas. A holding cell shall not be used as a means of punishment, housing or long-term placement. If clothing is taken from an inmate when they are placed in a holding cell, alternate clothing shall immediately be provided unless security concerns preclude issuance.

**51020.5 Use of Force Options**

It is the expectation that staff evaluate the totality of circumstances involved in any given situation, to include consideration of an inmate's demeanor, bizarre behavior, mental health status if known, medical concerns, as well as ability to understand and/or comply with orders, in an effort to determine the best course of action and tactics to resolve the situation. Whenever possible, verbal persuasion should be attempted in an effort to mitigate the need for force. The type of verbal persuasion will vary dependent upon the inmate's ability to understand. If time permits, verbal orders should be issued prior to resorting to force and are required to be provided before controlled force is used. The unresisted searching or escorting of an inmate/parolee and the unresisted application of authorized restraint equipment is not a use of force. Use of Force options do not have to be utilized in any particular sequence, but should be the force option staff reasonably believes is sufficient. Each force option has specific qualities that should be considered when choosing which option to deploy, including but not limited to: range of effectiveness, level of potential injury, staff safety, deployment methodology, level of threat presented, distance between staff and inmate, number of staff and inmates involved and the inmate's ability to understand. When responding to or observing an incident involving the use of force, the response supervisor shall assume control of the responders and direct the tactics used to stop the threat. Additionally, the response supervisor shall assess the appropriateness/effectiveness of the force options being deployed ensuring compliance with policy and training. Use of force options include but are not limited to:

- Chemical agents: Provides staff the ability to use force while maintaining distance.
- Hand-held batons: The baton is normally issued to custodial staff assigned to positions with direct inmate contact. The baton should not be carried in the extended position unless it is being utilized for the protection of the inmate and/or staff. In controlled use of force, the baton is intended for the defense of staff and to assist in gaining control of the inmate.
- Physical strength and holds: Any deliberate physical contact, using any part of the body to overcome conscious resistance, is considered physical force. A choke hold or any other physical restraint which prevents the person from swallowing or breathing shall not be used unless the use of deadly force would be authorized.
- Less-lethal weapons: A less lethal weapon is any weapon that is not likely to cause death. A 37mm or 40mm launcher and any other weapon used to fire less-lethal projectiles is a less lethal weapon.
- Lethal weapons: A firearm is a lethal weapon because it is used to fire lethal projectiles. A lethal weapon is any weapon that is likely to result in death.

**51020.6 Use of Restraints**

The unresisted application of authorized restraint equipment is not a use of force. When mechanical restraint is required, handcuffs, alone or attached to a waist chain,