UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE G. AMEZQUITA,<br><br>    Plaintiff,<br><br>    v.<br><br>GARCIA-CORTEZ, et al.,<br><br>    Defendants. | Case No. 20-cv-08285 BLF (PR)<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT; STRIKING "AMENDED SECOND AMENDED COMPLAINT"**<br><br>(Docket Nos. 35, 38) |

Plaintiff, a state inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against prison staff at Salinas Valley State Prison ("SVSP"). Dkt. No. 1. The first amended complaint filed on May 24, 2021, is the operative complaint in this action. Dkt. No. 12. On November 3, 2023, Defendants filed a motion for summary judgment on the merits. Dkt. No. 32. Instead of filing an opposition, Plaintiff filed a motion for leave to file a second amended complaint. Dkt. No. 35. Defendants oppose the motion, Dkt. No. 36, and Plaintiff filed a reply, Dkt. No. 37. Then on April 15, 2024, Plaintiff filed an "amended second amended complaint." Dkt. No. 38.

///

///

///

# DISCUSSION

## A. Standard of Review

Federal Rule of Civil Procedure 15(a) provides different ways to amend, and these ways are not mutually exclusive. *Ramirez v. Cty. Of San Bernardino*, 806 F.3d 1002, 1007 (9th Cir. 2015). Plaintiff specifically seeks leave to amend under Rule 15 (a)(2), which provides, "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); Dkt. No. 35 at 7-8.

Federal Rule of Civil Procedure 15(a) is to be applied liberally in favor of amendments and, in general, leave shall be freely given when justice so requires. *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994); *cf. id.* (attempt to amend complaint requiring amendment of scheduling order under Fed. R. Civ. P. 16 must be based upon good cause). "In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.– the leave sought should, as the rules require, be 'freely given.'" *Hall v. City of Los Angeles*, 697 F.3d 1059, 1073 (9th Cir. 2012) (internal citations omitted).

Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. *See Janicki Logging Co.*, 42 F.3d at 566; *Roberts v. Arizona Bd. of Regents*, 661 F.2d 796, 798 (9th Cir. 1981). A district court's discretion to deny leave to amend is particularly broad where the plaintiff has previously filed an amended complaint. *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 830 (9th Cir. 2003); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

## B. Plaintiff's Claims

Plaintiff's original complaint alleged unconstitutional conduct by staff at Salinas Valley State Prison ("SVSP"), based on an incident on January 23, 2020, when he was shot

unnecessarily by a block gun during a fight on the yard. Dkt. No. 1 at 3. Based on this incident and subsequent related events, Plaintiff alleged violations of his rights under the Eighth Amendment based on inhumane conditions and excessive force, retaliation under the First Amendment, and due process. Dkt. No. 11 at 3-7. The Court found the complaint was deficiently plead as to all claims and granted leave to amend to correct the deficiencies. *Id.* at 7-8. Plaintiff filed an amended complaint. Dkt. No. 12. The Court found the amended complaint stated cognizable claims for excessive force and related state law claims against Defendant Garcia,[1] and for retaliation against Defendant Meredith; all other claims were dismissed for failure to state a claim. Dkt. No. 20. Defendants Garcia and Meredith filed a motion for summary judgment on the merits of the claims against them. Dkt. No. 32.

In response, Plaintiff filed a motion for leave to file a second amended complaint, which he purports "adequately respond[s] do the concerns raised in the motion to dismiss and more accurately present[s] to the Court the matters which are in controversy." Dkt. No. 35 at 2. The Court will assume that by "motion to dismiss," Plaintiff is referring to Defendants' summary judgment motion, as that is the only dispositive motion filed in this matter.

The second amended complaint includes Defendants Garcia and Meredith, as well as newly named Defendant Allison at SVSP. Dkt. No. 35-1 at 3-4. Plaintiff also names several employees at R.J. Donovan Correctional Facility ("RJD"), where he was housed prior to his transfer to SVSP, and "Defendants Doe 1-10." *Id.* at 4. Plaintiff alleges that he was a victim of staff misconduct and a "'Green Wall' conspiracy" at RJD, beginning October 2018. *Id.* at 5. Plaintiff alleges that RJD staff attempted to intimidate him into acting as an informant, which eventually lead to an attempted suicide and then transfer to SVSP. *Id.* at 5-17. Once at SVSP, Plaintiff was again concerned about the "Green Wall"

---

[1] This Defendant was originally referred to as "Garcia-Cortez" by Plaintiff, Dkt. Nos. 1, 12, but the parties have since shortened this name to "Garcia." Dkt. Nos. 32, 35.

3

which is "believed to have been initially organized at SVSP." *Id.* at 17-18.

Plaintiff states that he filed a grievance regarding the incident at RJD and a civil rights complaint in the Southern District, which he "lost." *Id.* at 18-19.[2] Plaintiff states that in January 2020, he "began feeling pressure from SVSP staff related to his civil litigation against correctional officers at Donovan." *Id*. at 19.  Then on January 23, 2020, Plaintiff claims a fight broke out on A-Yard at SVSP, during which Defendant Garcia "maliciously and sadistically shot indiscriminately" at him with a 40 mm block gun, resulting in a deep bone bruise to his sternum. *Id.* at 20.  Plaintiff then alleges the same claims against Defendants Garcia and Meredith as in the first amended complaint. *Id.* at 20-25; *compare* Dkt. No. 12 at 4-7.  Lastly, Plaintiff includes new allegations of subsequent events involving false rules violation reports issued to him in early 2021 and 2023, an incident involving excessive use of pepper spray in 2023, and retaliation by Officer Martinez throughout 2023.  Dkt. No. 35-1 at 25-27.

### 1. Parties' Arguments

Defendants oppose the filing of the second amended complaint, asserting that the events that occurred at RJD in 2018 have no connection to the claims against Defendants Garcia and Meredith that occurred in 2020.  Dkt. No. 36 at 2.  As such, Defendants assert that it would be futile because the second amended complaint would run afoul of Rules 18 and 20 of the Federal Rules of Civil Procedure. *Id.* at 3.  Defendants also assert that leave to amend should be denied because of Plaintiff's unexplained delay in seeking to add these claims. *Id.* at 4-5.  They assert that an amendment at this late stage of litigation would

---

[2] The Court notes that if this prior action in the Southern District involved virtually identical causes of action, any subsequent action which is duplicative or repetitious is subject to dismissal under 28 U.S.C. § 1915 as malicious. *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988).[2]  An *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under § 1915. *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *Bailey*, 846 F.2d at 1021. An *in forma pauperis* complaint repeating the same factual allegations asserted in an earlier case, even if now filed against new defendants, therefore is subject to dismissal as duplicative. *Bailey*, 846 F.2d at 1021; *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975).

significantly prejudice them, since they deposed Plaintiff in September 2023 and have since filed a summary judgment motion which is pending. *Id.* at 5. In the absence of "substantial and convincing evidence" supporting the proposed amendment, Defendants assert the motion should be denied. *Id.*

In reply, Plaintiff asserts that the second amended complaint "articulates a series of transactions between himself and CDCR staff which allege a pattern and practice of threatening, intimidating, and coercing him through the use of illegal and oppressive methods which have caused him harm, both physically and mentally." Dkt. No. 37 at 1. Plaintiff asserts that his alleged series of transactions complies with both Rule 18 and Rule 20. *Id.* at 2. He asserts that he has stated a "continuous cause of action against a series of CDCR staff members and these claims are contiguous and of a similar nature involving the 'Green Wall' which is a criminal enterprise comprised of CDCR staff members acting in concert to enforce illegal discipline upon Plaintiff." *Id.* at 4.

### 2. **Joinder of RJD Defendants**

Under the Federal Rules of Civil Procedure, a plaintiff may properly join as many claims as he has against an opposing party. Fed. R. Civ. P. 18(a). Accordingly, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits," not only to prevent the sort of "morass" that a multi-claim, multi-defendant suit can produce, "but also to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of required fees." *Id.* (citing 28 U.S.C. § 1915(g)).

Parties may be joined as defendants in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P.

20(a)(2). Put simply, claims against different parties may be joined together in one complaint only if the claims have similar factual backgrounds and have common issues of law or fact. *Coughlin v. Rogers*, 130 F.3d 1348, 1350-51 (9th Cir. 1997). "A buckshot complaint that would be rejected if filed by a free person – say, a suit complaining that A defrauded plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions – should be rejected if filed by a prisoner." *George*, 507 F.3d at 607 (noting that, in prisoner complaint seeking to join 24 defendants and approximately 50 distinct claims, prisoner made no effort to show that 24 defendants he named had participated in the same transaction or series of transactions or that a question of fact is common to all defendants).

The Court finds that the second amended complaint does not comply with Rule 18 and Rule 20 because the claims and parties are not related. The second amended complaint includes several unrelated claims against several unrelated defendants, based on different events that took place at two different locations, i.e., RJD and SVSP. Plaintiff attempts to connect the defendants and events by alleging that they are all part of the "Green Wall" conspiracy at RJD and SVSP and asserts that defendants' actions constitute a "series of transactions" between himself and CDCR staff. However, the threats and intimidation in October 2018 and the single use of excessive force in January 2020 over a year later can hardly be seen as a "series" of transactions. Nor does Plaintiff establish any "pattern and practice" of threats, intimidation, and coercion by these separate occurrences involving different acts.

With regard to the "Green Wall," Plaintiff has already been advised that a civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage. Dkt. No. 20 at 6, citing *Gilbrook v. City of Westminster*, 177 F.3d 839, 856 (9th Cir. 1999). To prove a civil conspiracy, the plaintiff must show that the conspiring parties reached a unity of purpose or common design and understanding, or a meeting of the

6

minds in an unlawful agreement. *Id.* However, a conspiracy is not itself a constitutional tort under 42 U.S.C. § 1983. *Lacey v. Maricopa County*, 693 F.3d 896, 935 (9th Cir. 2012) (en banc). It does not enlarge the nature of the claims asserted by the plaintiff, as there must always be an underlying constitutional violation. *Id.* Here, Plaintiff's allegations are not sufficient to establish a "Green Wall" conspiracy between all the named Defendants because there is no allegation that RJD officers in 2018 were acting in concert with SVSP officers when they allegedly intimidated Plaintiff to become an informant, nor is there any allegation that SVSP officers in 2020 were acting in concert with RJD officers when they used excessive force and retaliated against him. Furthermore, Plaintiff's allegation that he "began feeling pressure from SVSP staff related to his civil litigation against correctional officers" at RJD is not supported by any factual allegations, such as which specific individuals pressured him, the specific nature of this "pressure," and how he knew it was related to his lawsuit against RJD officers. Dkt. No. 35 at 19. Without facts establishing a connection between these Defendants and events, the allegations against them indicate separate, discrete actions, with no indication that Defendants had a meeting of the minds to deprive Plaintiff of his constitutional rights. Accordingly, Plaintiff fails to establish a connection between all the Defendants based on a conspiracy.

Because the second amended complaint violates Rule 18 and Rule 20, granting leave to amend would be an exercise in futility. Accordingly, Plaintiff's motion for leave to file a second amended complaint must be denied on this basis. *See Janicki Logging Co.*, 42 F.3d at 566.

### 3. Delay

Defendants also assert that Plaintiff's motion should be denied because of his unexplained delay in seeking to add these new claims. Plaintiff does not address this argument in his reply. The Court agrees that Plaintiff has failed to set forth any explanation for why he waited over a year since the Court ordered the first amended complaint to be served to Defendants on December 8, 2022, to seek leave to file another

7

second amended complaint to include the claims against RJD officers and other Defendants. Plaintiff has also filed another "amended second amended complaint," without any explanation as to why yet another amendment should be granted. Dkt. No. 38. Accordingly, the Court finds Plaintiff's undue delay is another basis to deny leave to amend. *See Janicki Logging Co.*, 42 F.3d at 566.

Furthermore, the Court finds it appropriate to exercise its broad discretion to deny leave to amend where Plaintiff has already been granted leave to file an amended complaint and has done so. *Wagh*, 363 F.3d at 830; *Ferdik*, 963 F.2d at 1261.

### 4. Supplemental Pleading

The second amended complaint raises new claims that occurred since Plaintiff filed this action. *See supra* at 4. The new claims allege false rules violation reports issued to him in early 2021 and 2023, an incident involving excessive use of pepper spray in 2023, and retaliation by Officer Martinez throughout 2023. Dkt. No. 35-1 at 25-27. The Court will construe this portion as a motion for leave to serve a supplemental pleading.

The court may permit a party to serve a supplemental pleading "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The power to grant supplemental pleadings is discretionary and upon such terms as are "just." *Id.* Supplemental pleading by a plaintiff is optional; claims not filed in a supplemental complaint may be filed in a separate lawsuit. *See Manning v. City of Auburn*, 953 F.2d 1355, 1359-60 (11th Cir. 1992).

While leave to permit supplemental pleading is favored, it cannot be used to introduce a separate, distinct, and new cause of action. *See Planned Parenthood of So. Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997). Matters newly alleged in a supplemental complaint must have some relation to the claim(s) set forth in the original pleading. *See Keith v. Volpe*, 858 F.2d 467, 474 (9th Cir. 1988). Leave to file a supplemental complaint therefore may not be granted where the supplemental complaint involves a new and distinct cause of action that should be the subject of a separate suit.

8

*See Neely*, 130 F.3d at 402 (abuse of discretion to allow plaintiffs to supplement complaint after final judgment to attack newly amended statute); *cf. Griffin v. County Sch. Bd. of Prince Edward County*, 377 U.S. 218, 226 (1964) (supplemental pleading proper where new transactions not new cause of action, but merely part of "same old cause of action" originally raised).

Plaintiff's newly raised claims do not appear to have any relation to the claims set forth in the original pleading. They involve disciplinary actions which are not related to the excessive force and retaliation claims against Defendants Garcia and Meredith that occurred in 2020. Nor does Plaintiff allege that these two Defendants were involved in these RVRs or the use of excessive force in 2023. Lastly, there is no indication that the new retaliation claim against newly named Defendant Officer Martinez are at all related to the claims against Defendants Garcia and Meredith. His allegation that Officer Martinez is involved in the "Green Wall" conspiracy fails for the same reason discussed above, *i.e.*, the lack of any factual allegations establishing a meeting of the minds with other Defendants in the furtherance of an unlawful agreement. *See supra* at 7. Accordingly, the Court denies leave to file a supplemental pleading because these new allegations involve new and distinct causes of action which should be the subject of separate lawsuits rather than a part of the "same old cause of action." *See Neely*, 130 F.3d at 402; *Griffin*, 377 U.S. at 226. Plaintiff may pursue these claims by filing separate lawsuits against the appropriate defendants.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to file a second amended complaint is **DENIED**. Dkt. No. 35. Plaintiff is also denied leave to serve a supplemental pleading to allege events occurring since the original complaint.

In light of this order, Plaintiff's "amended second amended complaint" shall be **STRICKEN**. Dkt. No. 38. The first amended complaint remains the operative complaint

9

in this matter.  Dkt. No. 12.

Plaintiff sought and was granted an extension of time to file an opposition to Defendants' summary judgment.  Dkt. No. 34.  The deadline to do so was January 12, 2024.  *Id.* at 2.  That deadline has long since passed without any further request for an extension of time from Plaintiff.  Accordingly, the Court deems Defendants' summary judgment motion submitted.  The Court will issue a ruling on that motion in due course.

This order terminates Docket No. 35.

**IT IS SO ORDERED.**

Dated:  ___May 21, 2024_____

_____
BETH LABSON FREEMAN
United States District Judge