UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE G. AMEZQUITA, | Case No.  20-cv-08285-BLF (SVK) |
| Plaintiff, | |
| v. | **ORDER RE ACCESS TO SALINAS VALLEY STATE PRISON (SVSP)** |
| GARCIA-CORTEZ, et al., | Re: Dkt. No. 73 |
| Defendants. | |

United States District Court
Northern District of California

Before the Court is a request by Plaintiff's counsel, Jeff Dominic Price, to compel the California Department of Corrections and Rehabilitation ("CDCR") to grant him access to Salinas Valley State Prison ("SVSP") for a site visit.  Dkt. 73.  This matter was first brought to the Court's attention informally by an email from Mr. Price.  Dkt. 71.  In light of the urgency expressed by Mr. Price due to the impending close of discovery, (*see* Dkt. 68), the Court asked for brief statements from each side as to the nature of the dispute and the relief sought.  *Id*.  The statements were timely filed and have been considered by the Court.  Dkts. 72, 73.  Seeing now in Plaintiff's statement that a Rule 45 subpoena was served on CDCR, the proper procedure would be for Plaintiff to bring a motion to compel compliance pursuant to Rule 45, with service on the CDCR, so the interests of both sides could be heard and evaluated.  *See* Rutter Group Practice Guide: Federal Civil Procedure Before Trial (National Ed.), 11:2291-95 (2015) (explaining that a nonparty may object to a subpoena, and such objections excuse compliance "until a court orders compliance." (citing Fed. R. Civ. P. 45(d)).  However, as time remains of the essence and neither more formal briefing nor oral argument would change the outcome, the Court addresses Mr. Price's request directly.  *See* Civil L.R. 7-1(b).

Mr. Price's specific complaint is that the CDCR is requiring that he provide his social

United States District Court
Northern District of California

security number ("SSN") before granting access to SVSP. Dkt. 73 at 2. Mr. Price states that he "does not ever disclose his SSN, which is highly confidential personal information, on CDCR clearance forms (and has not been denied clearance), and will not this time[.]" *Id.* (emphasis added). Mr. Price further states that the result of the CDCR requirement is that there will be no site visit which will "prejudice plaintiff." *Id.* at 3. Defense counsel explains that all visitors to CDCR properties are subject to a background check through the California Law Enforcement Telecommunications System (CLETS), for which an SSN is required. Dkt. 72 at 2. Mr. Price disputes this statement, given his past experience in accessing CDCR properties without providing his SSN. Dkt. 73 at 3.

Mr. Price's privacy concerns arising from disclosure of his SSN are not unreasonable. However, at least equally reasonable are CDCR practices regarding access to high security facilities. Even if, as Mr. Price contends, different CDCR facilities evaluate the need for an SSN differently, that does not undermine the practice for access to SVSP. In short, the Court is not inclined to order the CDCR to adjust a policy or practice for access to SVSP to accommodate Mr. Price's concerns. CDCR is not preventing the site visit. *See* Dkt. 73 2-3. If the visit does not occur, any resulting prejudice to Plaintiff is not the result of a CDCR practice but of a choice made by Mr. Price. The request to compel access without providing his SSN is **DENIED**.

**SO ORDERED.**

Dated: May 20, 2026

_____
SUSAN VAN KEULEN
United States Magistrate Judge

2