United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JOSE G. AMEZQUITA,<br>Plaintiff,<br>v.<br>PEDRO GARCIA-CORTES,<br>Defendant. | Case No. 20-cv-08285-BLF<br>**ORDER DENYING PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER AND GRANTING PLAINTIFF'S MOTION TO ADD TONY DIAZ TO PLAINTIFF'S WITNESS LIST**<br>[ECF Nos. 136, 142] |

Before the Court are (1) Plaintiff's Motion to Modify Scheduling Order to Reset Expert Disclosure and Discovery Deadlines to Permit Plaintiff to Call His Expert, Dirk Duffner, P.E., in His Case-in-Chief at Trial, ECF No. 136, and (2) Plaintiff's Administrative Motion for Leave to Add Tony Diaz as a Witness to Plaintiff's Witness List. ECF No. 142. Defendant opposes both motions. ECF Nos. 140, 144. For the reasons set forth below, the Court DENIES Plaintiff's Motion to Modify Scheduling Order and GRANTS Plaintiff's Motion to Add Tony Diaz to Plaintiff's Witness List.

## I. BACKGROUND

The Parties are familiar with the facts of this case, *see* ECF Nos. 40, 102, therefore the Court will recount only the procedural history relevant to the instant motions. On August 8, 2025, the Parties stipulated to set the last day to designate experts as May 8, 2026, and set the last day to designate rebuttal experts as May 29, 2026. ECF No. 65 at 1. The Parties later stipulated to extend the deadlines to designate expert and rebuttal witnesses three separate times. *See* ECF Nos. 67, 77, 79. On the deadline to designate rebuttal experts, Defendant filed, and the Court granted, a final motion to extend the date to designate rebuttal experts. *See* ECF Nos. 81, 82. The final

deadlines to designate witnesses were July 17, 2026, for expert witnesses and August 7, 2026, for rebuttal experts. *See* ECF Nos. 80, 82.

Defendant disclosed his expert witness, Tony Diaz, on July 17, 2026. ECF No. 91 at 1. Mr. Diaz's report concluded that Defendant Pedro Garcia-Cortes' shot "ricocheted off the ground" before striking Plaintiff in the chest. ECF No. 102-6 at 14. Pursuant to Federal Rule of Civil Procedure 26(a)(2)(D), Plaintiff timely disclosed his rebuttal expert, Mr. Duffner, on August 17, 2026. ECF No. 91 at 1-2. Mr. Duffner's report contravenes Mr. Diaz's by concluding that Plaintiff could not have been struck in the chest unless Garcia-Cortes fired at him directly. ECF No. 102-3 at 4.

Before the Final Pretrial Conference, Defendant filed two *motions in limine* seeking to exclude Mr. Duffner's testimony for (1) exceeding the bounds of rebuttal testimony, ECF No. 94, and (2) lacking proper qualifications and sufficient data, ECF No. 101. The Court denied both motions, finding that Mr. Duffner was qualified, that his analyses were appropriately informed, and that his report was confined to the subject matter in Mr. Diaz's report. ECF No. 129 at 9, 15–16. The Court therefore held that Mr. Duffner could testify as a rebuttal witness. *Id.* at 16.

During the October 16, 2026 Jury Instruction Conference, Defendant informed the Court that he might not call Mr. Diaz as an expert witness. Defendant asserted that withdrawing Mr. Diaz's testimony would preclude Plaintiff from calling Mr. Duffner as a rebuttal witness. Defendant had not briefed this issue previously or raised it during the Final Pretrial Conference.

In response to Defendant's strategic pivot, Plaintiff requested permission to file a motion to reset the expert discovery deadline and allow Plaintiff to designate Mr. Duffner as a witness in his case-in-chief. *See* ECF No. 136. The Court set an expedited briefing schedule on this issue. On October 21, 2026, Plaintiff filed a motion requesting that the court modify the scheduling order or, alternatively, allow Plaintiff to call Mr. Diaz as a witness in his case-in-chief. *Id.* at 5–6.

## II. LEGAL STANDARD

To amend the scheduling order, Plaintiff needs to establish "good cause" under Fed. R. Civ. P. 16(b)(4). This good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Although "the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion," if the party seeking amendment "was not diligent, the inquiry should end." *Id.*

If a party fails to "identify a witness as required by" Fed. R. Civ. P. 26(a), "the party is not allowed to use that . . . witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). When evaluating whether such failure was justified or harmless, the Court considers "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of trial; (4) bad faith or willfulness in not timely disclosing the evidence." *Liberty Ins. Corp. v. Brodeur*, 41 F.4th 1185, 1192 (9th Cir. 2022).

## III. DISCUSSION

Rebuttal experts "cannot testify in [a] Plaintiff's case-in-chief, and they cannot testify unless and until the opposing parties' experts testify on the specific areas set forth in Plaintiff's rebuttal reports." *Lindner v. Meadow Gold Dairies, Inc.*, 249 F.R.D. 625, 643 (D. Haw. 2008); *see also Grasshopper House, LLC v. Clean & Sober Media LLC*, No. 18-cv-00923, 2019 WL 12074086, at *13 (C.D. Cal. July 1, 2019) ("[T]he opposing party may fairly make a 'tactical decision' not to put its own expert witness on the stand to preclude the rebuttal expert from testifying as well."). Therefore, if Defendant withdraws Mr. Diaz as an expert witness, Mr. Duffner will not be allowed to testify as a rebuttal expert.

### 1. Amending the Scheduling Order

Plaintiff argues that he has been diligent in requesting an amended scheduling order because (1) he timely designated Mr. Duffner as a rebuttal expert and (2) Defendant did not express his intent to withdraw Mr. Diaz until October 16, 2026. ECF No. 136 at 5. Defendant maintains that Plaintiff was not diligent because Plaintiff developed his theory of the case, that Garcia-Cortes shot Jose Amezquita directly, years ago but waited until August 17, 2026, to disclose Mr. Duffner as a rebuttal expert. ECF No. 140 at 5. Defendant argues that the Court's various extensions of the expert witness deadlines provided Plaintiff with ample time to designate Mr. Duffner as an expert in his case-in-chief. *Id.* at 4. Defendant further asserts that amending the

scheduling order would cause undue prejudice by extending the trial "into next year" and requiring Defendant to develop a new case strategy "on the eve of trial." *Id.* at 5–6.

The Court agrees with Defendant that Plaintiff was not diligent in requesting an amended scheduling order. On May 24, 2021, Plaintiff filed the operative First Amended Complaint alleging that he was "maliciously and sadistically shot indiscriminately by C/O Garcia-Cortez with a 40 mm Block Gun." ECF No. 12 at 4. Defendant's January 23, 2020, incident report asserts that Garcia-Cortes' shot "skipped on the ground" before striking Plaintiff. ECF No. 140-1 at 26. Furthermore, during Plaintiff's April 21, 2026, deposition of Defendant Garcia-Cortes, Plaintiff questioned Defendant about his training "with a ricochet or skip shot." *Id.* at 23. These documents and this line of questioning show that Plaintiff understood the importance of proving whether Garcia-Cortes shot Plaintiff directly or if the round ricocheted.

Despite this knowledge, and the Court's numerous extensions to the expert disclosure deadline, Plaintiff failed to designate an expert witness to testify to the round's trajectory. Instead, Plaintiff waited until August 17, 2026, to designate Mr. Duffner as a rebuttal expert and did not ask the Court to amend the scheduling order until October 16, 2026. Given that Plaintiff had ample opportunity to request an amended scheduling order and designate Mr. Duffner as an expert witness, the Court finds that Plaintiff was not diligent. *See, e.g.*, *Hayward Prop., LLC v. Commonwealth Land Title Ins. Co.*, No. 17-cv-06177, 2021 WL 4927012, at *4 (N.D. Cal. Sept. 28, 2021) (finding that the plaintiff was not diligent where it was "aware of the need for discovery on [an] issue from the inception of the action"). Because Plaintiff was not diligent, the Court ends its inquiry into this issue. *Mammoth Recreations*, 975 F.2d at 609 (holding that if the party seeking an amended scheduling order "was not diligent, the inquiry should end").

**2. Calling Mr. Diaz as Plaintiff's Witness**

As an alternative form of relief, Plaintiff moves to call Mr. Diaz as a witness in his case-in-chief and then subsequently call Mr. Duffner. ECF Nos. 136 at 6–7, 142 at 3–4. Plaintiff argues that his motion satisfies Rule 37's "harmless" requirement because Mr. Diaz was "listed on Defendant's witness list," "the defense knew that he would be rigorously cross-examined," and Plaintiff has already taken his deposition. ECF No. 136 at 7. In opposing this motion, Defendant

asserts that "litigants are not required to call every witness identified on their witness lists." ECF No. 144 at 2 (citing *U.S. v. Bond*, 552 F.3d 1092, 1097 (2009)). Defendant argues that the decision not to call Mr. Diaz does not justify Plaintiff's belated request to add Mr. Diaz to his witness list. *Id.*

District courts have broad discretion to determine the presentation of witnesses and order of proof during trial. *See, e.g.*, *United States v. Goode*, 814 F.2d 1353, 1355 (9th Cir. 1987); Fed. R. Evid. 611(a) ("The court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence."); *United States v. Urena*, 659 F.3d 903, 908 (9th Cir. 2011) ("The district court has broad traditional powers to . . . manage the presentation of evidence through designated witnesses in a trial before it."). Furthermore, "once a party has given testimony through deposition or expert reports, those opinions do not 'belong' to one party or another, but rather are available for all parties to use at trial." *Kerns v. Pro–Foam of South Alabama, Inc.*, 572 F. Supp. 2d 1303, 1311 (S.D. Ala. 2007). Accordingly, it is within the Court's discretion to allow witnesses to testify for an opposing party. *See, e.g.*, *Sec. & Exch. Comm'n v. Criterion Wealth Mgmt Ins. Servs., Inc.*, No. 20-cv-01402, 2023 WL 7395635, at *1 (C.D. Cal. Apr. 3, 2023) ("[T]here is ample precedent for a plaintiff to call defense witnesses in its case-in-chief, and a defendant to present the testimony of those same witnesses as part of its cross-examination."); *Peterson v. Willie*, 81 F.3d 1033, 1037–38 (11th Cir.1996) ("Once a witness has been designated as expected to testify at trial, there may be situations when the witness should be permitted to testify for the opposing party. . . . This decision is committed to the sound discretion of the district court.").

In determining whether to exercise its discretion and allow Plaintiff to call Defendant's witness in his case-in-chief, the Court must determine whether the moving party has satisfied Fed. R. Civ. P. 37(c)(1). *See Liberty Ins. Corp.*, 41 F.4th at 1191. Rule 37 provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). To decide whether the failure to identify a witness was "substantially justified" or "harmless," the Court considers "(1) prejudice or

surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of trial; (4) bad faith or willfulness in not timely disclosing the evidence." *Liberty Ins. Corp.*, 41 F.4th at 1192.

Here, the Court finds that allowing Plaintiff to call Mr. Diaz as a witness in his case-in-chief would be harmless. *NetAirus Techs., LLC v. Apple, Inc.*, 10-cv-03257, 2013 WL 9570686, at *3 (C.D. Cal. Nov. 11, 2013) (finding that the plaintiff's decision to call the defendant's expert in its case-in-chief did not penalize either party). First, calling Mr. Diaz as a witness would cause little to no surprise because Defendant designated Mr. Diaz as an expert witness. Defendant hired Mr. Diaz, provided him with the evidence used to inform his expert report, and Plaintiff has already deposed Mr. Diaz. Therefore, Defendant is intimately familiar with the testimony that Mr. Diaz may provide at trial. Second, any slight prejudice that may be caused by allowing Plaintiff to call Mr. Diaz as an expert witness would be cured by Defendant's cross examination. *See Price v. Seydel*, 961 F.2d 1470, 1474 (9th Cir. 1992) (finding that prejudice was "slight" where the defense's witness was similarly "expected to be rigorously cross-examined").

Third, allowing Mr. Diaz to testify during Plaintiff's case-in-chief would cause minimal, if any, disruption to trial. Should Plaintiff call Mr. Diaz, Mr. Duffner will still be barred from testifying until after Mr. Diaz has testified. *See Lindner*, 249 F.R.D. 625 at 643. Mr. Duffner's testimony will also be confined to the subject matter Mr. Diaz discusses. *Id.* Therefore, allowing Plaintiff to call Mr. Diaz as a witness in his case-in-chief would not substantially change the evidence provided or witness schedule.

Finally, there is no evidence that Plaintiff's delayed decision to identify Mr. Diaz as a witness was the result of bad faith or willful concealment. Plaintiff's decision to identify Mr. Diaz as a witness was prompted solely by Defendant's belated declaration that it might not call Mr. Diaz. Had Defendant briefed this issue in the *motions in limine* or expressed this intention during the Final Pretrial Conference, Plaintiff would have had the opportunity to identify Mr. Diaz as a witness in a more timely fashion. Given Defendant's delay, the Court finds that Plaintiff's request is not untimely and that good cause exists to allow Plaintiff to call Mr. Diaz as a witness in his case-in-chief.

United States District Court
Northern District of California

## IV. ORDER

The Court HEREBY ORDERS as follows:

(1) Plaintiff's motion to amend the scheduling order to designate Mr. Duffner as an expert witness in his case-in-chief is DENIED.

(2) The Court GRANTS Plaintiff's administrative motion to call Mr. Diaz as an expert witness in his case-in-chief.

(3) The Court notes that, Mr. Duffner remains a rebuttal witness, whose testimony will be limited to the subject matter discussed by Mr. Diaz.

**IT IS SO ORDERED.**

Dated: November 4, 2026

BETH LABSON FREEMAN
United States District Judge