**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

JOSE G. AMEZQUITA,

Plaintiff,

v.

PEDRO GARCIA-CORTES,

Defendant.

Case No. 20-cv-08285-BLF

**ORDER DENYING PLAINTIFF'S ADMINISTRATIVE MOTION TO CALL MR. DUFFNER IN HIS CASE-IN-CHIEF**

[Re: ECF No. 153]

Before the Court is Plaintiff's administrative motion requesting clarification of the Court's November 4, 2026 Order, ECF No. 148. ECF No. 153. In the motion, Plaintiff requests permission to call his rebuttal expert, Mr. Duffner, in Plaintiff's case-in-chief. *Id.* at 1. Defendant opposes the motion. ECF No. 154. For the reasons set forth below, the Court hereby DENIES Plaintiff's request to call Mr. Duffner in his case-in-chief.

## I. BACKGROUND

The Parties are familiar with the underlying facts of this case, *see* ECF Nos. 40, 102, and thus the Court will recount only the procedural history relevant to the instant motion. Before the Final Pretrial Conference, Defendant filed two *motions in limine* seeking to exclude the testimony of Plaintiff's rebuttal witness, Mr. Duffner. ECF Nos. 94, 101. The Court denied the motions, finding that Mr. Duffner was a proper rebuttal witness. ECF No. 129 at 9, 15– 16.

During the October 16, 2026 Jury Instruction Conference, Defendant informed the Court that he might withdraw Mr. Diaz as an expert witness, thereby preventing Mr. Duffner from testifying as a rebuttal witness. Plaintiff subsequently moved to reset the expert discovery deadline to allow him to designate Mr. Duffner as a witness in his case-in-chief, or alternatively, to allow Plaintiff to call Mr. Diaz as a witness in his case-in-chief. ECF No. 136 at 5–6.

On November 4, 2026, the Court held that Plaintiff had not established good cause to amend the scheduling order and denied the motion to designate Mr. Duffner as an expert witness in Plaintiff's case-in-chief. *See* ECF No. 148 at 2–4, 7 (citing Fed. R. Civ. P. 16). In the same Order, the Court held that Plaintiff had satisfied the requirements to designate Mr. Diaz as an expert witness and granted Plaintiff's motion to call Mr. Diaz in his case-in-chief. *Id.* at 5–7 (citing Fed. R. Civ. P. 37). In this Order, the Court specified that Mr. Duffner would remain a rebuttal witness whose testimony would "be limited to the subject matter discussed by Mr. Diaz." *Id.* at 7.

On November 7, 2026, Plaintiff filed an administrative motion requesting confirmation that (1) Mr. Duffner will be permitted to testify even if Defendant withdraws Mr. Diaz as an expert witness, and (2) allowing Mr. Duffner to testify during Plaintiff's case-in-chief immediately after Mr. Diaz's testimony is presented. ECF No. 153 at 3–4. Defendant opposes the motion, asserting that rebuttal experts cannot be called to testify in a Plaintiff's case-in-chief. ECF No. 154 at 1.

## II. DISCUSSION

District court's have broad discretion to determine the presentation of witnesses and order of proof. *United States v. Urena*, 659 F.3d 903, 908 (9th Cir. 2011) ("The district court has broad traditional powers to . . . manage the presentation of evidence through designated witnesses in a trial before it."). This discretion, however, is not unlimited, and courts have consistently held that rebuttal witnesses "cannot testify in [a] Plaintiff's case-in-chief, and they cannot testify unless and until the opposing parties' experts testify on the specific areas set forth in Plaintiff's rebuttal reports." *Lindner v. Meadow Gold Dairies, Inc.*, 249 F.R.D. 625, 643 (D. Haw. 2008); *see, e.g.*, *Grasshopper House, LLC v. Clean & Sober Media LLC*, No. 18-cv-00923, 2019 WL 12074086, at *13 (C.D. Cal. July 1, 2019) ("[T]he opposing party may fairly make a 'tactical decision' not to put its own expert witness on the stand to preclude the rebuttal expert from testifying as well."); *Palm Capital, LLC v. Travelers Prop. Cas. Co. of Am.*, No. 15-cv-6385, 2017 WL 5665010, at *2 (C.D. Cal. Apr. 3, 2017) (holding that the plaintiff would "be limited to using its rebuttal experts for just that—rebuttal—and may not call upon them to testify in its case-in-chief"); *Santiago v.*

United States District Court
Northern District of California

*Select Portfolio Servicing, Inc.*, No. 7-cv-262, 2008 WL 4411392, at *5 (D. Idaho Sept. 25, 2008) ("Plaintiff will not be allowed to . . . use the rebuttal expert in her case-in-chief . . . .").

In asserting that Plaintiff should be allowed to call Mr. Duffner in his case-in-chief, Plaintiff cites two cases in which the Court allowed a rebuttal expert to testify even though the expert witness they were meant to rebut had been withdrawn. ECF No. 153 at 4–5 (citing *Shay v. County of Los Angeles*, No. 15-cv-04607, 2019 WL 5420262 (C.D. Cal. Oct. 21, 2019) and *Olivero v. Trek Bicycle Corp.*, No. 16-cv-0761, 2018 WL 3459424 (D. Colo. July 18, 2018)). In *Shay* and *Olivero*, the plaintiffs withdrew their expert witness to prevent the defendants' rebuttal witness from testifying. *Shay*, 2019 WL 5420262, at *5; *Olivero*, 2018 WL 3459424, at *1. In both cases, the Court allowed the defendants' rebuttal witnesses to testify. *Shay*, 2019 WL 5420262, at *6; *Olivero*, 2018 WL 3459424, at *2. In reaching this conclusion, the Court held that although the relevant expert witness had been withdrawn, the plaintiffs planned to advance the same theory that the rebuttal expert was intended to rebut, making the rebuttal expert's testimony relevant and admissible. *Shay*, 2019 WL 5420262, at *6; *Olivero*, 2018 WL 3459424, at *1–2.

Although *Shay* and *Olivero* provide support for the minority view that rebuttal experts may testify absent prior testimony from the relevant expert witness, they do not support Plaintiff's motion to call Mr. Duffner in his case-in-chief. Both cases involved a plaintiff seeking to exclude a defendant's rebuttal witness. Neither case involved a plaintiff seeking to allow their rebuttal witness to testify in their case-in-chief.

Absent any authority to the contrary, the Court finds that it is appropriate to reserve Mr. Duffner's testimony for Plaintiff's rebuttal case. Defendant's trial brief indicates that Defendant intends to establish that Mr. Garcia-Cortes' round "hit the ground" before hitting Mr. Amezquita's chest. *See* ECF No. 152 at 4, 5, 13. Mr. Duffner's rebuttal testimony is intended to contradict Defendant's argument that the round ricocheted off the ground. Under these circumstances, the Court finds that it would be unfair to allow Mr. Duffner to present this rebuttal testimony before the defense has "been permitted to state the full opinions that are being rebutted." *Bernal v. Daewoo Motor America, Inc.*, No. 9-cv-1502, 2011 WL 13183093, at *2 (D. Ariz. Aug.

31, 2011). For these reasons, the Court DENIES Plaintiff's request to call Mr. Duffner in his case-in-chief.

**III. ORDER**

The Court HEREBY ORDERS the following:

(1) Plaintiff is permitted to call Mr. Diaz as an expert witness in his case-in-chief.

(2) Plaintiff's motion to call Mr. Duffner in his case-in-chief is DENIED.

(3) If either Party presents Mr. Diaz's testimony during trial, Plaintiff shall be permitted to call Mr. Duffner during his rebuttal case. Mr. Duffner's testimony will be limited to the subject matter provided in Mr. Diaz's testimony.

**IT IS SO ORDERED.**

Dated: November 12, 2026

BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California